UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| | x | |
| In re DORAL FINANCIAL CORPORATION SECURITIES LITIGATION | : : | Civil Action No. 3:14-cv-01393-GAG |
| | : : | CLASS ACTION |
| This Document Relates To: | : : | CO-LEAD PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW |
| ALL ACTIONS. | : : x | FOR PRELIMINARY APPROVAL OF SETTLEMENT |

1112285_1

**TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY STATEMENT ...................................................................1

II.    ARGUMENT ..........................................................................................3

    A.    The Settlement of This Action Is in the Best Interest of the Class and Should Be Preliminarily Approved...........................................................3

    B.    Certification of the Class Is Appropriate ............................................6

    C.    The Proposed Notice Is Adequate.......................................................8

    D.    The Court Should Adopt the Deadlines Set Forth in the Preliminary Order .........10

III.   CONCLUSION .....................................................................................11

1112285_1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997)................................................................6

*Bennett v. Behring Corp.*,
   737 F.2d 982 (11th Cir. 1984) .................................................4

*Bussie v. Allmerica Fin. Corp.*,
   50 F. Supp. 2d 59 (D. Mass. 1999) .........................................5

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*,
   100 F.3d 1041 (1st Cir. 1996)...............................................4, 7

*Hochstadt v. Boston Sci. Corp.*,
   708 F. Supp. 2d 95 (D. Mass. 2010) ...........................3, 4, 6, 7

*In re Lupron(R) Mktg. & Sales Practices Litig.*,
   228 F.R.D. 75 (D. Mass. 2005)................................................7

*In re Lupron(R) Mktg. & Sales Practices Litig.*,
   345 F. Supp. 2d 135 (D. Mass. 2004) ......................................4

*In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*,
   270 F.R.D. 45 (D. Mass. 2010) ...............................................8

*In re Pharm. Indus. Average Wholesale Price Litig.*,
   588 F.3d 24 (1st Cir. 2009)......................................................4

*In re Sonus Networks, Inc.*,
   247 F.R.D. 244 (D. Mass. 2007)..............................................8

*In re StockerYale, Inc.*,
   No. 1:05cv00177-SM, 2007 U.S. Dist. LEXIS 65575
   (D.N.H. Aug. 21, 2007) ...........................................................8

*In re StockerYale, Inc.*,
   No. 1:05cv00177-SM, 2007 U.S. Dist. LEXIS 94004
   (D.N.H. Dec. 18, 2007)............................................................9

*Int'l Union of Elec., Elec., Salaried, Mach. & Furniture
Workers v. Unisys Corp.*,
   858 F. Supp. 1243 (E.D.N.Y. 1994) ........................................5

**Page**

*Nat'l Ass'n of Chain Drug Stores v. New Eng.*
 *Carpenters Health Benefits Fund*,
  582 F.3d 30 (1st Cir. 2009).........................................................................3, 4

*Rolland v. Cellucci*,
  191 F.R.D. 3 (D. Mass. 2000)...........................................................................5

*Smilow v. Sw. Bell Mobile Sys.*,
  323 F.3d 32 (1st Cir. 2003)...............................................................................7

*Van Meter v. Harvey*,
  No. 1:09-cv-00633-NT, 2012 U.S. Dist. LEXIS 61387
  (D. Me. May 2, 2012) ........................................................................................4

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
  208 F.3d 288 (1st Cir. 2000).............................................................................6

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
  §78u-4(a)(7) .......................................................................................................9

Federal Rules of Civil Procedure
  Rule 23(a)........................................................................................................7, 8
  Rule 23(b)(1)......................................................................................................7
  Rule 23(b)(2)......................................................................................................7
  Rule 23(b)(3)...................................................................................................7, 8
  Rule 23(e).............................................................................................1, 3, 9, 10

## SECONDARY AUTHORITIES

Svetlana Starykh and Stefan Boettrich, *Recent Trends*
*in Securities Class Action Litigation: 2015 Full-Year Review*
(NERA Jan. 25, 2016)..........................................................................................6

*Manual for Complex Litigation* (4th ed. 2004)
  §13.14...................................................................................................................3
  §21.632.................................................................................................................4
  §21.634.................................................................................................................4

- iii -

**TO THE HONORABLE COURT:**

**NOW COMES** Court-appointed Co-Lead Plaintiffs, Jensine Andresen, Ken M. Nimmons and Mordechai Hakim (together, "Co-Lead Plaintiffs"), by and through their undersigned counsel, whom hereby move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for entry of the order preliminarily approving the proposed settlement of this action ("Settlement") as memorialized in the Stipulation of Settlement, dated February 29, 2016 (the "Stipulation"),[1] submitted herewith, certifying the Class for settlement purposes, establishing hearing and deadline dates relating to the Settlement and its administration, and approving the form and methods of notifying Class Members of the Settlement and their rights with respect thereto.  Settling Defendants do not oppose this motion.  The parties respectfully request that the Court withhold a ruling on this motion until the Bankruptcy Court authorizes, to the extent necessary, the use of insurance proceeds to fund this Settlement.

## I.      PRELIMINARY STATEMENT

The parties have negotiated at arm's length, and accepted a mediator's proposal for, a settlement of the claims asserted on behalf of all persons and entities who purchased or otherwise acquired Doral Financial Corporation ("Doral" or the "Company") common stock between April 2, 2012 and May 1, 2014, inclusive, and were allegedly damaged thereby (the "Class").[2]  The Settlement Amount of $7 million in cash represents an excellent recovery for Doral shareholders, considering the risks of proceeding through summary judgment and trial.  Although Co-Lead Plaintiffs and their counsel believe in the merits of their case, they also recognize that they would

---

[1]      All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.  The Stipulation contains all material terms of the Settlement, including, *inter alia*, the manner and form of notice to the Class and the contingencies or conditions to the Settlement's final approval.

[2]      Excluded from the Class are Defendants; the other officers and directors of Doral during the Class Period; members of the immediate families of any excluded person; the legal representatives, heirs, successors, or assigns of any excluded person or entity; and any entity controlled by, or in which Defendants have or had a controlling interest.  Also excluded from the Class is any Class Member that validly and timely requests exclusion, in accordance with the requirements set by the Court.

1112285_1

face substantial obstacles in establishing liability and damages should this case proceed to trial.[3] Furthermore, even if this case were to proceed to a successful trial, Settling Defendants could appeal any judgment favorable to the Class, putting at risk, or otherwise delaying, any recovery to Class Members.

Settling Defendants deny each and all of the claims alleged by Co-Lead Plaintiffs. Nonetheless, Settling Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

Accordingly, attached to the Stipulation are:

(1)     A Proposed Order Certifying a Class, Preliminarily Approving Settlement and Providing for Notice ("Preliminary Order" or "Prelim. Order") (Exhibit A to the Stipulation);

(2)     Notice of Proposed Settlement of Class Action ("Notice") (Exhibit A-1 to the Stipulation);

(3)     Proof of Claim and Release form ("Claim Form") (Exhibit A-2 to the Stipulation);

(4)     Summary Notice (Exhibit A-3 to the Stipulation); and

(5)     Proposed Final Judgment and Order of Dismissal with Prejudice (Exhibit B to the Stipulation).

The Preliminary Order provides that Class Members be apprised of the terms of the Settlement by dissemination of the Notice via First-Class Mail to all Class Members who can be identified with reasonable effort and by publishing the Summary Notice in *The Wall Street Journal* and over a national newswire service.  The Preliminary Order also certifies the Class for settlement purposes and establishes deadlines for the following events necessary to consummate the Settlement: (1) mailing the Notice; (2) publishing the Summary Notice; (3) submitting requests for exclusion

---

[3]     The Court dismissed several Doral officers from the Litigation, and upheld the Complaint only as against defendants Wakeman and Wahlman.  *See* Dkt. No. 69 at 62.  The Court also noted that as a result of Doral's bankruptcy and the resulting stay of the litigation against it, Co-Lead Plaintiffs should consider proceeding on an individual basis, or, even better, that the parties attempt to resolve the case.  *Id.*

- 2 -

from the Class; (4) filing objections to the terms of the Settlement, the Plan of Allocation and/or Lead Counsel's fee and expense request or the award to Co-Lead Plaintiffs; (5) submitting Claim Forms; and (6) filing of papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense request.  Because the Settlement is fair, reasonable, and adequate, and the methods of notice set forth in the Preliminary Order satisfy the due process interests of the Class, the Preliminary Order should be entered after the parties inform the Court that the Bankruptcy Court Order has been entered by the Bankruptcy Court.

## II.    ARGUMENT

### A.    The Settlement of This Action Is in the Best Interest of the Class and Should Be Preliminarily Approved

Federal Rule of Civil Procedure 23(e) requires court approval for any compromise of a class action.  *See Nat'l Ass'n of Chain Drug Stores v. New Eng. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009); *Hochstadt v. Boston Sci. Corp.*, 708 F. Supp. 2d 95, 106 (D. Mass. 2010).  In *Hochstadt*, the court explained that approval of a settlement is a two-step process which first requires the court to make a preliminary determination regarding the "fairness, reasonableness, and adequacy" of the settlement to determine if it warrants public notice and a hearing.  *Id.* at 97 n.1 & 106-07 (citing *Manual for Complex Litigation* ("MCL") §13.14 (4th ed. 2004)).  If so, "'the final decision on approval is made after the hearing.'"  *Hochstadt*, 708 F. Supp. 2d at 106 (quoting MCL, *supra*, §13.14, at 173).

At this stage of the proceedings, the Court must preliminarily determine whether the Settlement is reasonable.  *Hochstadt*, 708 F. Supp. 2d at 107.  The Court should examine whether the Settlement is within the range of possible approval, bearing in mind that the Court will have the opportunity to consider all of the relevant factors in depth at a subsequent fairness hearing, which is the second step in the settlement approval process.  *See id.* at 107-08.  Unless the preliminary evaluation discloses reasons to doubt the fairness of the proposed class settlement or other obvious deficiencies, a court should grant a motion for preliminary approval, and direct the preparation and dissemination of the notice of certification of the class, the proposed settlement, and the date of the

final settlement hearing.  *See* MCL, *supra*, at §21.632 & n.976; *Hochstadt*, 708 F. Supp. 2d at 106-07.[4]

While the proponents of the settlement bear the burden of showing that it is reasonable, "'there is a presumption in favor of the settlement' if discovery has been adequate and the parties have bargained at arms length." *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 44 (quoting *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)); *see also Hochstadt*, 708 F. Supp. 2d at 107 ("a presumption of fairness attaches to the court's preliminary fairness determination when '(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected'") (quoting *In re Lupron(R) Mktg. & Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass. 2004)).

In determining whether to approve the Settlement, the Court should be guided by the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 44 ("policy encourages settlements").  Indeed, "[i]f the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009); *Van Meter v. Harvey*, No. 1:09-cv-00633-NT, 2012 U.S. Dist. LEXIS 61387, at *4 (D. Me. May 2, 2012) ("The First Circuit . . . recognizes a presumption in favor of a proposed settlement agreed to after meaningful discovery and arms-length negotiations.") (citing *City P'ship Co.*, 100 F.3d at 1043).

Co-Lead Plaintiffs have vigorously litigated this case since its inception and Lead Counsel have conducted an extensive investigation of Co-Lead Plaintiffs' claims.  This investigation

---

[4]  The second step of the process, provided a reviewing court has preliminarily approved the proposed settlement, is for the court to conduct a formal fairness hearing where arguments and evidence may be presented in support of, or in opposition to, the settlement as being fair, reasonable, and adequate.  *See* MCL, *supra*, at §21.634.  At the conclusion of the formal fairness hearing, the court will then determine whether final approval of the class settlement should be granted.  *Id.*

included: reviewing publicly available information about the Company; interviewing a number of witnesses with information about Doral's business and accounting practices; litigating the motion to dismiss the Complaint; and preparing for and participating in mediation.  Thus, Lead Counsel and Co-Lead Plaintiffs have had a sufficient opportunity to assess and develop the merits of their case. In light of the full understanding and appreciation of the strengths and weaknesses of their case, Lead Counsel firmly believe that the Settlement – reached as a result of arm's-length negotiations that included a mediation session with, and settlement recommendation by, David Geronemus, Esq. of JAMS – is fair, reasonable, and adequate.[5]

Lead Counsel also firmly believe the Settlement is in the best interests of the Class, which further supports the granting of preliminary approval of the Settlement.  *See Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000) ("When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight."); *Bussie*, 50 F. Supp. 2d at  77 ("The Court's fairness determination also reflects the weight it has placed on the judgment of the parties' respective counsel, who are experienced attorneys and have represented to the Court that they believe the settlement provides to the Class relief that is fair, reasonable and adequate.").

Indeed, the Court's order granting in part and denying in part the motion to dismiss provides further support for this conclusion:

> Although Plaintiff's case proceeds exclusively against defendants Wakeman and Wahlman, they should nonetheless consider that, at this juncture, Doral is bankrupt. Contrary to earlier similar class action cases before the undersigned such as those involving Banco Popular and First Bank, there is presumably no deep pocket for the putative class to recover, should a judgment befall in its favor.  Thus, the court highly suggests that Plaintiffs at this time strongly consider proceeding individually versus requesting that the class be certified.  More so, the court strongly suggests that the parties seriously consider settlement alternatives at this time, once the case is referred to the Magistrate Judge Bruce J. McGiverin for the initial scheduling conference.

---

[5]   "In evaluating the fairness of the Settlement, the Court does not rule on the merits of either the Class's claims or [defendant's] multiple defenses." *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 76 (D. Mass. 1999) (citing *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. Unisys Corp.*, 858 F. Supp. 1243, 1266 (E.D.N.Y. 1994) (approval of settlement does not require adjudication of merits)).

Dkt. No. 69 at 62.

Finally, the $7 million cash settlement is well within the range of reasonableness under the circumstances so as to warrant preliminary approval of the Settlement and the issuance of notice to the Class.  Here, Co-Lead Plaintiffs estimate that this amount is approximately 22% of the maximum recoverable damages in this Litigation, assuming that the Court and jury accepted Co-Lead Plaintiffs' damages theory, well above the range of other securities class action settlements.  *See* Svetlana Starykh and Stefan Boettrich, *Recent Trends in Securities Class Action Litigation:  2015 Full-Year Review* (NERA Jan. 25, 2016) at 33, Fig. 29 (the median ratio of settlements between 1996 and 2015 to investment losses was 8.6% for cases with investor losses of between $20 and $49 million); at 34, Fig. 30 (the median ratio of settlements to investor losses in 2015 was 1.6%).

At the Settlement Hearing, Class Members who have timely filed and served their objections may voice their objections, if any, to the Settlement and any related relief.  The Court can then consider the merits of the Settlement in light of any objections and determine whether to grant final approval of the Settlement.  Lead Counsel will have submitted briefs and other documents in support of the Settlement and in support of their request for attorneys' fees and expenses and for an award to Co-Lead Plaintiffs for their service to the Class, and the Court will then determine the appropriate amounts to be awarded.  At that time, if the Court finds the Settlement fair and reasonable, the Court should enter the Final Judgment and Order of Dismissal with Prejudice, dismissing this action and effecting a release of all claims as provided for in the Stipulation.

**B.     Certification of the Class Is Appropriate**

Before preliminarily determining whether the proposed Settlement is fair, the Court must determine whether to certify the proposed Class for settlement purposes.  *Hochstadt*, 708 F. Supp. 2d at 101.  When "'confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.'"  *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 298 (1st Cir. 2000) (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997)).  Nevertheless, "[w]hen a settlement class is proposed, it is incumbent on the district court to give heightened scrutiny to the

- 6 -

1112285_1

requirements of Rule 23 in order to protect absent class members." *In re Lupron(R) Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 88 (D. Mass. 2005). "This cautionary approach notwithstanding, the law favors class action settlements." *Id.* (citing *City P'ship Co.*, 100 F.3d at 1043).

Under the terms of the Stipulation, the parties have agreed, for the sole purpose of the Settlement and without an adjudication on the merits, to certification of the Class. To obtain class certification, the plaintiff must establish the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation and demonstrate that the action may be maintained under Rule 23(b)(1), (2), or (3). *Hochstadt*, 708 F. Supp. 2d at 102 (citing *Smilow v. Sw. Bell Mobile Sys.*, 323 F.3d 32, 38 (1st Cir. 2003)). Here, the requirements of Rule 23(a) and (b)(3) have been satisfied. As set forth in the Consolidated Amended Complaint for Violations of the Federal Securities Laws (*see* Dkt. No. 53), Co-Lead Plaintiffs submit that:

(a)     the proposed Class is so numerous that joinder of all members is impracticable, as during the Class Period, Doral common stock was traded on the New York Stock Exchange (Dkt. No. 53 at 8);

(b)     based on Co-Lead Plaintiffs' allegations that Settling Defendants purportedly engaged in uniform misconduct affecting all Class Members, the claims of Co-Lead Plaintiffs are typical of the claims of the proposed Class they seek to represent (*id.*);

(c)     Co-Lead Plaintiffs do not have any interests antagonistic to, or in conflict with, the other Class Members and they will fairly and adequately represent and protect the interests of the other Class Members as they have retained counsel competent and experienced in class and securities litigation (*id.*);

(d)     there are questions of law and fact common to the Class which predominate over any questions solely affecting individual Class Members, including: (i) whether the federal securities laws were violated by Settling Defendants' acts as alleged; (ii) whether Settling Defendants' statements during the Class Period were materially false and misleading; and (iii) the

- 7 -

extent of injuries sustained by Class Members and the appropriate measure of damages (*id.* at 8-9); and

      (e)    given that joinder of all Class Members is impracticable, certifying a class is superior to all other available methods for the fair and efficient adjudication of this controversy since prosecuting separate actions by or against individual Class Members would create a risk of: (i) inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Settling Defendants; and (ii) adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests (*id.* at 9). *See In re StockerYale, Inc.*, No. 1:05cv00177-SM, 2007 U.S. Dist. LEXIS 65575, at *4 (D.N.H. Aug. 21, 2007) (concluding requirements of Fed. R. Civ. P. 23(a) and (b)(3) were satisfied for purposes of preliminary settlement approval); *In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*, 270 F.R.D. 45, 46 (D. Mass. 2010) (explaining that some types of cases are uniquely well-suited to class adjudication, and predominance is a test readily met in certain cases alleging consumer or securities fraud); *In re Sonus Networks, Inc.*, 247 F.R.D. 244, 248 (D. Mass. 2007) (citing other cases and stating in a securities class action, a plaintiff can generally demonstrate numerosity on the basis of a large number of shares outstanding and traded). Accordingly, the Court should certify the Class, appoint Co-Lead Plaintiffs as the class representatives, and appoint Lead Counsel as class counsel.

    **C.**    **The Proposed Notice Is Adequate**

As part of the Stipulation, the parties have negotiated the form of the Notice and the Summary Notice to be sent to Class Members to apprise them of the terms of the Settlement, their rights in connection with the Settlement, and the date of the Settlement Hearing for final approval by the Court. The Notice, which will be sent by mail to Class Members, has been drafted to fully

1112285_1

comply with the provisions of the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. §78u-4(a)(7). Along with the Notice, Class Members will receive a Claim Form. In the Claim Form, Class Members must provide the requested information concerning transactions in Doral common stock during the Class Period, and sign and return it to the Claims Administrator prior to the claims deadline. The Claims Administrator retained by Lead Counsel will process the Claim Forms and then calculate payments in accordance with the Settlement's Plan of Allocation of the Settlement proceeds, which is described in the Notice.

The parties have agreed to use the traditional methods for notifying Class Members of the Settlement: by U.S. mail, publication on the Internet, and publication in a national newspaper focusing on investors. Specifically, the parties have agreed to publish the Summary Notice in *The Wall Street Journal* and over a national newswire service. Following the entry of the Preliminary Order, the Claims Administrator will mail the Notice and Claim Form to Class Members whose names and addresses have been provided by Doral (the "Class List") and to banks and brokerages which typically hold shares on behalf of clients and customers.[6] These methods of notice satisfy the requirements of due process in class actions like this one. *See, e.g., In re StockerYale, Inc.*, No. 1:05cv00177-SM, 2007 U.S. Dist. LEXIS 94004, at *4, *7 (D.N.H. Dec. 18, 2007) (finding that due process is satisfied where notice mailed by first class mail to all class members who can be identified with reasonable effort and summary notice is published once in the national edition of *Investor's Business Daily* and on the *PR Newswire*).

Consistent with Federal Rule of Civil Procedure 23(e), upon notification of the Settlement, Class Members have three choices: (1) approve the Settlement and share in the Settlement proceeds by submitting a valid Claim Form; (2) exclude themselves from the Settlement by "opting out" of the

---

[6]    The Preliminary Order provides that nominees who purchased or acquired Doral common stock on behalf of beneficial owners shall send the Notice and Claim Form to those beneficial owners within ten (10) calendar days of the receipt of such documents, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Claim Form to such beneficial owners. Prelim. Order, ¶8. This provision ensures that all beneficial owners ultimately receive the Notice and Claim Form.

Class, in which case they will not participate in the Settlement recovery and will retain their right to pursue individual claims against the Settling Defendants; or (3) disapprove of the Settlement, the Plan of Allocation, and/or the attorneys' fee and expense petition by objecting to their terms.  This Court should find that the Notice and the procedures for its dissemination are reasonably calculated to provide notice of the Settlement to the Class, comport with Federal Rule of Civil Procedure 23(e), and are adequate.

**D.      The Court Should Adopt the Deadlines Set Forth in the Preliminary Order**

To facilitate the orderly resolution of this action, the parties propose that upon notification that the Bankruptcy Court Order has been entered, the Court adopt the following deadlines governing this Settlement, as set forth in the Preliminary Order:

| Event | Proposed Deadline |
|---|---|
| Mailing of Notice<br>(*See* Prelim. Order, ¶7(b)) | 10 calendar days after the Court signs the Preliminary Order (the "Notice Date") |
| Publishing of Summary Notice<br>(*See* Prelim. Order, ¶7(c)) | 7 calendar days after the Notice Date |
| File Proof of Publication and Mailing of Notice<br>(*See* Prelim. Order, ¶7(d)) | 7 calendar days prior to the Settlement Hearing |
| File papers in support of Final Approval of Settlement, Plan of Allocation and Award of Attorneys' Fees and Expenses<br>(*See* Prelim. Order, ¶15) | 50 calendar days after the Notice Date |
| Submit Requests for Exclusion<br>(*See* Prelim. Order, ¶12) | 65 calendar days after the Notice Date |
| File Objections<br>(*See* Prelim. Order, ¶13) | 65 calendar day after the Notice Date |
| File Reply in Further Support of Final Approval of Settlement, Plan of Allocation and Award of Attorneys' Fees and Expenses<br>(*See* Prelim. Order, ¶15) | 80 calendar days after the Notice Date |
| Settlement Hearing<br>(*See* Prelim. Order, ¶2) | At least 100 calendar days from the date of entry of the Preliminary Order |
| Submit Claim Forms<br>(*See* Prelim. Order, ¶10) | 120 calendar days after the Notice Date |

1112285_1

## III.   CONCLUSION

The parties respectfully request that this Court enter the Preliminary Order, submitted herewith, and: (i) certify the Class for settlement purposes; (ii) find preliminarily that the Settlement is fair, reasonable, and adequate; and (iii) find that notification of the terms of the Settlement and of Class Members' rights in connection therewith is warranted.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 15th day of April, 2016.

I hereby certify that on this date I presented an *Unopposed Motion and Memorandum of Law for Preliminary Approval of Settlement* to the Clerk of the Court for filing and uploading to the Court's CM/ECF system, which will send electronic notification of such filing to all counsel of record.

THE LAW OFFICES OF ANDRÉS W.
    LÓPEZ, P.S.C.
ANDRÉS W. LÓPEZ (USDC No. 215311)


s/ Andrés W. López
ANDRÉS W. LÓPEZ

P.O. Box 13909
San Juan, PR  00908
Telephone:  787/294-9508
787/294-9519 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
    & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

- 11 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

GLANCY PRONGAY & MURRAY LLP
LIONEL Z. GLANCY
KARA M. WOLKE
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Lead Counsel for Plaintiffs

JOHNSON & WEAVER, LLP
MICHAEL I. FISTEL JR.
40 Powder Springs Street
Marietta, GA 30064
Telephone:  770/200-3104
770/200-3101 (fax)

Additional Counsel

- 12 -