UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re DORAL FINANCIAL CORPORATION SECURITIES LITIGATION | Civil Action No. 3:14-cv-01393-GAG |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court pursuant to the Order certifying a class, preliminarily approving settlement and providing for notice ("Order") dated April 21, 2016, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated February 29, 2016 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement, a Class defined as all persons and entities who purchased or otherwise acquired Doral common stock between April 2, 2012 and May 1, 2014, inclusive, and were allegedly damaged thereby. Excluded from the Class are Defendants; the other officers and directors of Doral during the Class Period; members of the immediate families of any excluded person; the legal representatives, heirs, successors, or assigns of any excluded person or entity; and any entity controlled by, or in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who have validly and timely requested exclusion from the Class (all such Persons are identified in Exhibit 1 attached hereto).

4. With respect to the Class, this Court finds, solely for the purposes of effectuating the Settlement, that: (a) the Members of the Class are so numerous that joinder of all Class Members in

the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of Co-Lead Plaintiffs are typical of the claims of the Class; (d) Co-Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies Co-Lead Plaintiffs as representatives of the Class. Lead Counsel are also certified as class counsel in the Litigation.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Co-Lead Plaintiffs and Settling Defendants to have adequately evaluated and considered their positions.

7. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8. Upon the Effective Date, and as provided in the Stipulation, Co-Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, and as provided in the Stipulation, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

10. Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Co-Lead Plaintiffs, each and all of the Class Members, and Co-Lead Plaintiffs' Counsel from all claims and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the claims

against Defendants ("Released Defendants' Claims"), except for claims relating to the enforcement of the Settlement.

11. The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settling Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants' insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Upon the Effective Date, the Court permanently bars, enjoins and restrains, to the fullest extent permitted under 15 U.S.C. §78u-4(f)(7), any and all claims for contribution arising out of this Litigation by any person or entity against the Settling Defendants or any of their Related Parties.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Court directs immediate entry of this Judgment by the Clerk of the Court.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of August, 2016.

*s/ Gustavo A. Gelpí*
**GUSTAVO A. GELPI**
**U.S. DISTRICT JUDGE**

# EXHIBIT 1

AS OF JULY 19, 2016

NO REQUESTS FOR EXCLUSION

HAVE BEEN RECEIVED